Slip Op. 12-93

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

| | |
|---|---|
| ACME FURNITURE INDUSTRY, INC., : : : Plaintiff, : : v. : : UNITED STATES, : : Defendant. : : : | Court No.: 11-00318 |

**MEMORANDUM ORDER**

**Held:** Defendant's Motion to Dismiss is granted.

Dated: July 18, 2012

   Hume & Associates, LLC, (Robert T. Hume) for Acme Furniture Industry, Inc., Plaintiff.

   Stuart F. Delery, Acting Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (Aimee Lee); Edward N. Maurer, Of Counsel, Deputy Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, for the United States, Defendant.

   **TSOUCALAS**, Senior Judge: This matter comes before the Court upon the Motion to Dismiss filed herein by Defendant, United States. Plaintiff, Acme Furniture Industry, Inc. ("Acme") initiated this action invoking the Court's jurisdiction under 28 U.S.C. § 1581(a). The Government moves to dismiss arguing that the Court is without jurisdiction to hear the claims set forth in Acme's two-count Complaint. Alternatively, the Government asserts that Acme has

failed to state a claim upon which relief can be granted.  Acme responds by asserting that it is challenging an erroneous reliquidation by the United States Customs and Border Protection ("CBP"), and that its challenge therefore falls squarely within section 1581(a).  Because Acme has failed to carry its burden of establishing the Court's jurisdiction over this matter, or has failed to state a claim upon which relief can be granted where jurisdiction exists, the Court grants the Government's Motion to Dismiss.

## BACKGROUND

In 2005, the United States Department of Commerce ("Commerce") issued an antidumping duty order on wooden bedroom furniture from the People's Republic of China ("PRC").  See Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture from the People's Republic of China, 70 Fed. Reg. 329 (Jan. 4, 2005) ("Antidumping Duty Order" or "Order").  Commerce subsequently conducted an administrative review of the Order for the period of review from January 1, 2008 through December 31, 2008.  See Wooden Bedroom Furniture From the People's Republic of China: Final Results and Final Rescission in Part, 75 Fed. Reg 50,992 (Aug. 19, 2010).  Per the 2008 review, Commerce set a China-wide rate of 216.01% and issued liquidation instructions to CBP.  See Def.'s Mot. to Dismiss, Ex. B.  Acme is an importer of wooden bedroom furniture from the PRC.  At issue in this case are entries of daybeds Acme made in 2008, which were liquidated by CBP at the China-wide rate on November 5, 2010, and November 12, 2010.

On January 20, 2011, Acme filed a scope ruling request with Commerce asking for a determination that the daybeds it imported were outside the scope of the <u>Antidumping Duty Order</u>. Commerce issued a scope ruling on April 15, 2011 ("Scope Ruling"), concluding that daybeds with a trundle were subject to the <u>Antidumping Duty Order</u> while daybeds without a trundle were outside the <u>Order</u>'s scope. On April 29, 2011, Commerce issued liquidation instructions based on the Scope Ruling which, in relevant part, directed CBP to "liquidate all unliquidated entries . . . of Acme's daybed without a trundle" as non-subject goods effective June 24, 2004. <u>See</u> Def.'s Mot. to Dismiss, Ex. B at 2.

In addition to the scope proceedings before Commerce, Acme also took steps before CBP to dispute whether its daybeds were subject to the <u>Antidumping Duty Order</u>. On February 10, 2011, Acme filed Protest No. 2704-11-100435 ("Protest 435") contesting liquidation of the daybeds at the China-wide rate based on its position that the daybeds were not subject to the <u>Antidumping Duty Order</u>. After Commerce issued its Scope Ruling, Acme filed Protest No. 2704-11-100784 ("Protest 784") again contesting the imposition of antidumping duties on daybeds from the PRC. Protest 435 was denied in its entirety, and Protest 784 was denied in part and granted in part in an attempt by CBP to comply with Commerce's Scope Ruling and subsequent instructions. <u>See</u> Amended Summons, Protest, Attachment 1. CBP then reliquidated some of Acme's entries of daybeds without trundles, and issued to Acme a bill for certain of those entries in the amount of

Court No. 11-00318 Page 4

$27,641.01.

Acme subsequently initiated this action and filed a two-count Complaint. In Count 1 of the Complaint, Acme challenges "the liquidation and assessment of antidumping duties on the parts of plaintiff's daybed <u>without</u> trundle." Complaint at ¶ 31 (emphasis added). It alleges specifically that "[b]ased on the [Scope Ruling], plaintiff's daybed without trundle was outside the scope of the [<u>Antidumping Duty Order</u>]," <u>id.</u> at ¶ 32, and further alleges that CBP did not provide notice of any findings it made apart from the Scope Ruling. <u>Id.</u> at ¶ 34. In essence, Acme alleges that CBP's leveling of $27,641.01 in antidumping duties was erroneous in light of Commerce's Scope Ruling and subsequent instructions, and that there was no other basis for imposing antidumping duties on any of its entries of daybeds without trundles. In Count 2, Acme challenges the "liquidation and assessment of antidumping duties on the parts of plaintiff's daybed <u>with</u> trundle." Complaint at ¶ 39 (emphasis added).

As clarified in its response to the Government's Motion, Acme seeks a second reliquidation of the daybed entries, and a refund of the $27,641.01 it paid upon the first reliquidation. In moving for dismissal, the Government argues that because CBP was simply following instructions from Commerce, Acme may not challenge the imposition of antidumping duties under § 1581(a). According to the Government, to the extent Acme challenges the inclusion of its daybeds in the scope of the <u>Antidumping Duty Order</u>, Acme's recourse

**Court No. 11-00318** Page 5

was to challenge the results of the scope proceedings under 28 U.S.C. § 1581(c). Alternatively, the Government argues that even if Acme's claims are construed to be challenging CBP's reliquidation of the daybed entries, CBP correctly followed the instructions of Commerce and Acme has not stated claims upon which relief can be granted.

## JURISDICTION and LEGAL STANDARD

In its Complaint, Acme invokes the Court's jurisdiction under 28 § U.S.C. 1581(a), which provides jurisdiction over actions commenced pursuant to section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514.[1]  Section 1514 states that the following decisions by CBP may be protested, and are thereafter subject to review before this court pursuant to § U.S.C. 1581(a):

> (1) the appraised value of merchandise;
> (2) the classification and rate and amount of duties chargeable;
> (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
> (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
> (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 or section 1504 of this title;
> (6) the refusal to pay a claim for drawback; or
> (7) the refusal to reliquidate an entry under subsection (d) of section 1520 of this title . . . .

19 U.S.C. § 1514(a).  Jurisdiction under 28 U.S.C. § 1581(a) does

---

[1] All further citations to the Tariff Act of 1930 are to the relevant provisions of Title 19 of the United States Code, 2006 edition.

**Court No. 11-00318**                                                                                                  **Page 6**

not exist except for cases brought to challenge the denial of one of these categories of protests. See Mitsubishi Elec. Am., Inc. v. United States, 44 F.3d 973, 976 (Fed. Cir. 1994).

The Court of International Trade "is a court of limited jurisdiction, possessing 'only that power authorized by the Constitution and federal statutes . . . .'" Almond Bros. Lumber Co. v. United States, 651 F.3d 1343, 1350 (Fed. Cir. 2011) (quoting Sakar Int'l, Inc. v. United States, 516 F.3d 1340, 1349 (Fed. Cir. 2008)). The party invoking federal jurisdiction - in this case, Acme - has the burden of establishing such jurisdiction once it has been challenged, see Canadian Lumber Trade Alliance v. United States, 517 F.3d 1319, 1331 (Fed. Cir. 2008), but if jurisdiction is established, federal courts are without authority to decline to exercise it. See Ad Hoc Shrimp Trade Action Comm. v. United States, 618 F.3d 1316, 1321 (Fed. Cir. 2010).

## ANALYSIS

The Court begins with the simpler question of whether it may exercise jurisdiction over Count 2 of Acme's Complaint, and concludes that it may not. In Count 2, Acme challenges the imposition of antidumping duties on daybeds with trundles. Acme sought a ruling from Commerce that both daybeds with trundles and daybeds without trundles were outside the scope of the Antidumping Duty Order. Commerce, however, determined only the daybeds without trundles were outside the scope of the Order. See Def.'s Mot. to Dismiss, Ex. B. It is well-established that CBP's role in the

collection of anti-dumping duties is ministerial; in other words, it merely carries out the instructions of Commerce.  See Mitsubishi, 44 F.3d at 976.  If a party believes that the goods it imports are not subject to an antidumping order, it must make that argument to Commerce by initiating scope proceedings pursuant to 19 C.F.R. § 351.225.  If the party disagrees with Commerce's resulting determination, its recourse is to appeal that decision to this court under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(§)(2)(B)(vi).  The Court is without jurisdiction to consider scope disputes, including that set forth in Count 2 of Acme's Complaint, under 28 U.S.C. § 1581(a).

Turning to Count 1, the Court notes that the Government reads this claim similarly to Count 2, namely, as a challenge to whether the daybeds without trundles are subject to the Antidumping Duty Order.  This is an overly narrow reading of Acme's claim.  It is true that Acme's Complaint does contain an allegation that its "daybed without trundle was outside the scope of the [Antidumping Duty Order]."  Complaint at ¶ 32.  However, the true gravamen of Count 1 comes further on when Acme alleges, in essence, that CBP either misinterpreted Commerce's instructions, or relied on an unspecified source other than Commerce's instructions, in not refunding to Acme all of the antidumping duties it had paid for the daybeds without trundles.  Complaint at ¶¶ 34-37.

Contrary to Acme's allegations, however, the instructions issued by Commerce after the Scope Ruling are consistent with CBP's

collection of antidumping duties from Acme for its 2008 entries of daybeds without trundles.  As noted above, Acme's 2008 entries of daybeds, including daybeds without trundles, were liquidated on November 5, 2010, and November 12, 2010.  Commerce issued the instructions based on the Scope Ruling on April 29, 2011 directing CBP to "liquidate all <u>unliquidated</u> entries . . . of Acme's daybed without a trundle" as non-subject goods.  <u>See</u> Def.'s Mot. to Dismiss, Ex. B at 2 (emphasis added).  Acme has not alleged that it had any unliquidated entries of daybeds without trundles as of April 29, 2011; indeed, the parties appear to agree that all of the entries in question were liquidated by November 2010.  Therefore, the instructions issued to CBP by Commerce following the Scope Ruling do not give support Acme's claim that it was injured by an erroneous liquidation.

In its Reply filed in support of the instant Motion, the Government does concede that CBP erred in the reliquidation that followed the April 29, 2011 instructions, but asserts that the error was that a reliquidation occurred at all.  Because the instructions only applied to "unliquidated" entries of daybeds without trundles, the reliquidation which occurred, and which resulted in a lower duty burden for Acme, was actually a windfall for Acme, and does not form the basis for a claim for relief here.  The Court agrees.  Acme has cited no authority, and the Court is aware of none, holding that CBP's erroneous reliquidation mandates another reliquidation of entries that was not provided for in the

**Court No. 11-00318**                                                                                                 **Page 9**

instructions from Commerce. Acme was not entitled to the reliquidation of any of its 2008 entries of daybeds without trundles per the instructions from Commerce. The fact that CBP erroneously reliquidated some of those entries to Acme's benefit does not entitle Acme to further relief here.

Based on the foregoing, and upon the Government's Motion, the response filed by Acme, and all other pleadings and papers filed herein, it is hereby

**ORDERED** that the Government's Motion to Dismiss is granted.


                                                    /s/ NICHOLAS TSOUCALAS
                                                    **Nicholas Tsoucalas**
                                                    **Senior Judge**


Dated: July 18, 2012
       New York, New York

**Slip Op. 12-93**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

```
_____
ACME FURNITURE INDUSTRY, INC.,  :
                                :
                                :
         Plaintiff,             :
                                :
     v.                         :    Court No.: 11-00318
                                :
UNITED STATES,                  :
                                :
         Defendant.             :
                                :
_____ :
```

<u>**JUDGMENT**</u>

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein, now, in accordance with said decision, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is granted; and it is further

**ORDERED** that this matter is dismissed.

    /s/ NICHOLAS TSOUCALAS
    **Nicholas Tsoucalas**
    **Senior Judge**

Dated: July 18, 2012
     New York, New York